NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2019[*]
Decided May 2, 2019

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2056

| | |
|---|---|
| PHILIP M. SEBOLT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | No. 17 C 3866 |
| | |
| UNITED STATES OF AMERICA, | Robert M. Dow, Jr., |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Philip Sebolt, an inmate at the Federal Correctional Institution in Terre Haute, Indiana, claims that prison officials unlawfully held him in segregation when he was temporarily transferred to another facility. The district court dismissed Sebolt's suit, and we affirm the judgment because his statutory claims are barred.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Sebolt, who was convicted in the Northern District of Illinois, filed a motion under 28 U.S.C. § 2255 claiming the right to be released from prison. The court scheduled a hearing, and Sebolt was temporarily transferred to the Metropolitan Correctional Center, a federal prison in Chicago, to await the proceedings. Sebolt had been assigned to the communications-management unit in Terra Haute so that his phone and computer use could be monitored. The Chicago prison does not have a designated communications-management unit. So, to continue monitoring Sebolt's communications with outside persons, prison officials placed him in administrative detention in the special-housing unit. This meant that Sebolt was segregated from the rest of the prison population and able to leave his cell for only five hours a week. He remained in special housing for approximately three months and, after his hearing, was transferred back to Terre Haute.

Sebolt sued the United States in the Southern District of Indiana, alleging that the prison officials were liable under the Administrative Procedure Act, 5 U.S.C. § 701, and the Federal Tort Claims Act, 28 U.S.C. § 1346, for placing him in segregation. Specifically, he claimed that officials unlawfully created or modified federal rules when they determined that he had to be kept under similar conditions of confinement when being held at the Chicago prison. Further, he alleged that prison officials falsely imprisoned him by holding him in segregation without legal authority. The United States successfully moved to transfer the case to the Northern District of Illinois and then moved to dismiss the complaint on several grounds, some of them jurisdictional. The district court granted the motion, and Sebolt appeals.

We review de novo the dismissal of Sebolt's claims for failure to state a claim and lack of subject-matter jurisdiction. *Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018).

Sebolt first argues that the district court wrongly concluded that his claim under the Administrative Procedure Act is not judicially reviewable. The Act permits judicial review of agency decisions unless another federal statute specifically precludes review or they are committed to agency discretion. 5 U.S.C. § 701(a). Here, both exceptions apply. First, prison officials transferred Sebolt from general population into special housing under 28 C.F.R. § 541.23(c), a regulation authorized by 18 U.S.C. §§ 3621, 3622, and 3624. A federal statute, 18 U.S.C. § 3625, explicitly precludes review of "the making of any determination, decision, or order under this subchapter," which includes §§ 3621, 3622, and 3624. Sebolt contends that the authority to put an inmate in special housing derives from a different statute—18 U.S.C. § 4042(a). He is wrong, though, because § 4042(a) describes the duties of the Bureau of Prisons to protect inmates, *see Palay*

*v. United States*, 349 F.3d 418, 428 (7th Cir. 2003), but is silent on when prison officials may put an inmate in special housing. Second, the decision to transfer an inmate from general population is committed to the discretion of the Bureau of Prisons. *See Richmond v. Scibana*, 387 F.3d 602, 604–05 (7th Cir. 2004) (describing discretion of Bureau of Prisons under 18 U.S.C. § 3621); *Montez v. United States*, 359 F.3d 392, 397 (6th Cir. 2004) (explaining that implementation of 28 C.F.R. § 541.23 is left to discretion of Bureau of Prisons). The district court correctly dismissed Sebolt's claim for not being judicially reviewable under the Administrative Procedure Act. *See Vahora v. Holder*, 626 F.3d 907, 917 (7th Cir. 2010).

Sebolt also argues that the district court erroneously concluded that his "false imprisonment" claim under the Federal Tort Claims Act has no state-law analog and is barred by the discretionary-function exception under 28 U.S.C. § 2680. But even if we assumed that Illinois would provide a common-law tort remedy for the unjustified restriction of a prisoner's living conditions, the discretionary-function exception bars Sebolt's claim. The exception applies to acts that involve an element of judgment or choice that are based upon public-policy considerations. *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991). Here, prison officials used their authority under 28 C.F.R. § 541.23(c) and 18 U.S.C. § 3621 to place Sebolt in special housing. Because they exercised their discretion by doing so, it "must be presumed" that this discretionary act was grounded in policy. *Gaubert*, 499 U.S. at 324. Sebolt protests that he did not fall into any regulatory criteria for segregation, but the government rightly points out that this is an argument that the prison officials abused their discretion, not that they lacked it. *See, e.g., Richmond*, 387 F.3d at 604–05.

We have considered Sebolt's remaining arguments, and none has merit.

AFFIRMED